UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYCE ALBE-QUENZER,

     Plaintiff,

v.

CHRIS ROULEAU,
JOSEPH UTSLER,
JAMES SPANIOLO,
JOSEPH BRUCE,
PAUL METHRIC,

     Defendants.

Case No. 2:15-cv-10473
Honorable Laurie J. Michelson

---

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES [2] AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

---

Plaintiff Bryce Albe-Quenzer lives in Colorado. In 2007, he provided police in Littleton, Colorado with his laptop containing sexual images of minors. In 2012, he was arrested for sexual misconduct involving minors.

Defendants are alleged to live in Michigan. They have at various times performed in various bands (e.g., "Insane Clown Posse"). From 2008 to 2013 Defendants published and performed various songs, including "Might Death Pop" and "Sucks to be You."

It is hard to see a connection between the foregoing two paragraphs. But Albe-Quenzar says there is one: the songs Defendants wrote or performed are about him. He asserts that Defendants, through their lyrics, "intended to cause emotional distress to the Plaintiff." (Compl. at 5.) In support, he pleads examples: "[W]hen the song 'Down With Us' asks the question, 'Tell me-who gives it . . .', the rapper is posing a question in an effort to refute plaintiff's assertions of mens rea which lacked malice . . . ." (Compl. at 8.)

Albe-Quenzer asks this Court to permit him to proceed without prepayment of the filing fee in this case. That request is granted.

But this means the Court should screen Albe-Quenzer's complaint before asking the United States Marshal to serve it. *See Moniz v. Hines*, 92 F. App'x 208, 210 (6th Cir. 2004). In particular, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that— . . . the action . . . (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted; . . . ." 28 U.S.C. § 1915(e)(2)(B). In determining whether a complaint "fails to state a claim on which relief may be granted" under § 1915(e)(2)(B), the Court applies the plausibility standard set out by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See Hill v. Lapin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Here, the Court does not find it plausible that Defendants are liable for the alleged torts (intentional inflection of emotional distress, intrusion into private affairs, false light, and stalking). True, Albe-Quenzer thinks Defendants' songs are about him or his conduct. But Albe-Quenzer has not pled facts showing that Defendants, living in Michigan, knew him, knew what he had done in Colorado, or, even assuming that they had such knowledge, decided to write a number of songs about him. Common sense dictates that general statements in songs (e.g., "Tell me[] who gives it" or "trapped like quicksand" or "You'll be out of here in a year") could be construed to fit almost anyone's conduct; those lyrics hardly show that Defendants singled out Albe-Quenzer. *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."); *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 505 (6th Cir. 2013) ("[Y]ou can't assess the plausibility of an inference in a

vacuum. The reasonableness of one explanation for an incident depends, in part, on the strength of competing explanations.").

Albe-Quenzer's application to proceed without prepayment of fees (Dkt. 2) is GRANTED; Albe-Quenzer's complaint (Dkt. 1) is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated:  May 4, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 4, 2015.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson

3